UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BASSANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART STORES, ET AL.<br><br>　　　　　Defendants. | Civil Action No. 18-153<br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

　　　　This matter has been opened by the Court *sua sponte* based on Plaintiff Danielle Bassano's ("Plaintiff") failure to both prosecute this case and comply with this Court's Orders. For the reasons that follow, it is respectfully recommended that Plaintiff's claims be DISMISSED WITH PREJUDICE and Plaintiff be required to pay the "no show fees" associated with her missed Independent Medical Examinations ("IME").

**Background and Procedural History**

　　　　On July 31, 2017, Plaintiff filed a Complaint against Defendant Wal-Mart Stores, et al. ("Defendants") in the Superior Court of New Jersey, Law Division, Monmouth County. (*See* Docket Entry No. 1). On January 5, 2018, Defendants removed Plaintiff's case to this Court. (Docket Entry No. 1). On January 8, 2018, this Court entered an Order settling an Initial Conference for February 5, 2018. (Docket Entry No. 5). On February 5, 2018, this Court stayed discovery, instructed the parties to exchange what was necessary to facilitate settlement, and set a telephone conference for April 25, 2018. (Docket Entry No. 9). A status conference was set for September 10, 2018. (Docket Entry No. 10).

　　　　By letter dated August 14, 2018, Defendants notified the Court that Plaintiff had failed to appear for two IMEs that she was required to attend. The appointments were rescheduled to

September 7, 2018 and September 25, 2018 and the Court required that Plaintiff that must advise Defendant if she would not be available to appear for an IME. The Plaintiff failed to appear for the appointments or to request an adjournment.

During the telephone conference held on October 3, 2018, the Plaintiff was directed to respond, no later than October 12, 2018, to Defendants' letter regarding the missed appointments. (*See* 10/3/2018 Text Entry). A follow up status conference was set for December 18, 2019. Plaintiff's counsel responded via letter that Plaintiff had missed the IMEs because her mother had passed away and that she agreed to pay the "no show" fees. (*See* attached at Exhibit 1). Defendant then rescheduled the appointments. On November 15, 2018, Defendant's counsel notified the Court that Plaintiff had missed the rescheduled appointments. (*See* attached at Exhibit 2). Plaintiff's counsel responded to this correspondence, indicating that he was not aware that Plaintiff had missed the appointments. (*See* attached at Exhibit 3).

On November 29, 2018, Defendants' counsel notified Plaintiff's counsel that Plaintiff had failed to appear for another IME, totaling five missed IMEs. (*See* 11/29/18 letter; attached at Docket Entry No. 16). The letter contained a list of the missed appointments, including the name of the doctor and the associated "no show" fee. (*Id.*) The total amount of "no show" fees calculated for the missed IMEs was $1,450.00. (*Id.*)

On December 10, 2018, Plaintiff's counsel wrote to the Court notifying that it was Plaintiff's counsel's request to be relieved as counsel for Plaintiff due to the missed appointments and corresponding breakdown in communication. (Docket Entry No. 14). Plaintiff's counsel wrote again on December 20, 2018, noting that he had made several attempts to contact Plaintiff regarding her missed examinations, left her voicemails before each appointment and sent her

written correspondences as to the date of each. (Docket Entry No. 15). Despite Plaintiff's counsels' efforts, however, Plaintiff did not respond or attend the appointments.

On January 7, 2019, this Court issued an Order advising Plaintiff that by February 8, 2019 she was to object, retain new counsel or confirm that she will represent herself. (Docket Entry No. 16). The Court directed that failure to respond may result in sanctions including dismissal of the Complaint and payment of the "no show" fees. (*Id.*). Despite the Court's Order and several warnings that her case could be dismissed and sanctions imposed, Plaintiff has neither contacted the Court as directed regarding her missed appointments or her counsel's request to be relieve nor has Plaintiff contacted her own counsel.

## Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id.* Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure

3

41(b). See *Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of Plaintiff's claims with prejudice. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Plaintiff's claims with prejudice:

1. **Plaintiff's Personal Responsibility:** Plaintiff, who has been advised by her counsel to comply with the Court's Orders in this matter, is personally responsible for her failure to do so. Her failure to attend several required IMEs, communicate with her counsel and subsequently communicate with the Court is solely her own and she bears full responsibility for same. As such, the Court finds this factor to favor dismissal of Plaintiff's claims with prejudice.

2. **Prejudice to Defendant:** Defendant has been prejudiced by Plaintiff's failure to prosecute this matter and comply with this Court's Orders. By failing to attend the IMEs, Plaintiff has abandoned her duty to abide by Court Orders, and by failing to communicate with her counsel, she has abandoned her duty to prosecute her case and bring it to resolution. It is manifestly unjust that this case, which Plaintiff initiated, has remained stagnant for approximately one year due to Plaintiff's actions. Additionally, under these circumstances, Defendants cannot fairly defend this case. The Court finds that this prejudice, which was caused by Plaintiff's failure to do that which was required of her, supports the dismissal of Plaintiff's claims with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Plaintiff has a history of dilatoriness. She has missed a total of five IMEs, providing a justification for missing only two of them. Plaintiff likewise has failed to respond to her counsel's communications and to the Court on a number of occasions regarding the missed appointments. Plaintiff's history of dilatoriness supports the dismissal of this matter with prejudice.

4. **Willfulness or Bad Faith:** While the Court does not find that Plaintiff acted in bad faith, Plaintiff's failure to prosecute this matter and comply with the Court's Orders certainly establishes that Plaintiff's conduct has been willful. As a result, this factor further supports the dismissal of Plaintiff's claims with prejudice.

5. **Effectiveness of Alternative Sanction:** The Court finds that there is no effective alternative sanction. The case cannot proceed without Plaintiff's participation and, as explained above, Plaintiff has repeatedly failed to participate. The IMEs are necessary to Defendants' defense of this matter. Moreover, Plaintiff was explicitly forewarned that if she continued to disregard the Court's orders, she risked having her case dismissed and these particular sanctions imposed to make Defendants whole for the missed appointments. Under these circumstances, the Court finds that no lesser sanction than dismissal of Plaintiff's claims with prejudice and a requirement to pay the "no show" fees would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the proceedings to date, the Court finds that there may be some merit to Plaintiff's claims. As such, this particular factor militates against dismissing Plaintiff's claims with prejudice.

When the Court considers all of the *Poulis* factors set forth above, the Court finds that on balance they clearly support the dismissal of Plaintiff's claims with prejudice. Plaintiff voluntarily filed this case. After doing so, she has failed to take the steps necessary to move this case forward. In fact, despite being given every opportunity to litigate her claims, Plaintiff has elected to no longer participate in the case she initiated. As a result, this Court respectfully recommends that Plaintiff's claims be dismissed with prejudice.

## Conclusion

The Court having given consideration to the *Poulis* factors;

IT IS on this 27th day of February, 2019,

RECOMMENDED that Plaintiff's claims be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that Plaintiff pay Defendants the "no show fees" associated with the five missed Independent Medical Examinations, totaling $1,450.00; and it is further

ORDERED that pursuant to FED.R.CIV.P. 72(b)(2) any party, including Plaintiff, who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report and Recommendation to file her specific written objections.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 1

# Law Offices of
# MALLON & TRANGER

Thomas J. Mallon
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
Randall L. Tranger
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
Daniel B. Glatz
Surinder K. Aggarwal

Thomas M. Waddleton
*Paralegal*

86 Court Street
Freehold, NJ 07728
TEL: (732) 780-0230  FAX: (732) 780-5002

Other Locations:
Pt. Pleasant & Toms River

October 12, 2018

**Via CRRR and Via Fax: (973) 256-9001**
Til J. Dallavalle, Esq.
Schoeman, Updike, Kaufman & Gerber, LLP
155 Willowbrook Boulevard, Suite 300
Wayne, NJ 07470

Re: Bassano v. Wal-Mart Stores, Inc., et al.
Docket No.: MON-L-2714-17
Your File No.: 6074.0088

Dear Mr. Dallavalle:

Our client informed us she was unable to attend her scheduled IME's because she was dealing with the unfortunate passing of her mother. She understands she has been charged a no show fee for her failure to attend these appointments. She also understands it is imperative to attend all future IME's and furthermore that she will be charged for her failure to attend same.

As such, we request you allow her to make up her missed appointments in furtherance of this matter.

Please do not hesitate to contact this office with any questions or concerns.

Very truly yours,

DANIEL B. GLATZ, ESQ.
cc:   Honorable Tonianne Bongiovanni, U.S.M.J., (Via Email)

# EXHIBIT 2



Til J. Dallavalle
973.256.9000 main
tdallavalle@schoeman.com

November 15, 2018

**Via E-Mail**
Honorable Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 6052
Trenton, NJ 08608

RE: **Danielle Bassano v. Wal-Mart Stores, Incorporated, et al.**
**Civil Action No. 3:18-cv-00153-MAS-TJB**
**Our File No.: 6074.0088**

Dear Judge Bongiovanni:

Our firm represents defendant Wal-Mart Stores East, LP (incorrectly named as "Wal-Mart Stores, Incorporated") in the above-referenced matter. Plaintiff was scheduled for a medical examination with Dr. Robert Morrison on November 2, 2018 and a medical examination with Dr. Gerald Pflum on November 5, 2018. We have been advised that Ms. Bassano failed to appear for these medical examinations (See attached notice at **Exhibit A**, dated November 5, 2018 and notice at **Exhibit B**, dated November 7, 2018).

Plaintiff was ordered to appear for all medical examinations per your Honor's Order dated August 16, 2018 (See attached Order at **Exhibit C**). On October 3, 2018 all parties appeared for a teleconference with Your Honor where Plaintiff's prior failures to appear were discussed and Plaintiff was ordered for a second time to appear for her IMEs or risk the imposition of sanctions and/or dismissal.

Ms. Bassano has now failed to appear for these rescheduled medical examinations despite being notified of and ordered to attend same. In light of Plaintiff's repeated willful refusals to appear for her defense examinations, we again respectfully request permission (1) to file a Motion for Dismissal of Plaintiff's Complaint, (2) that an Order be entered to compel Plaintiff to pay each incurred $300.00 no-show fee and (3) for such other relief as the Court deems appropriate.

Thank you for your consideration in this matter. Please do not hesitate to contact me with any questions or concerns.

Respectfully submitted,

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP

By: _____
Til J. Dallavalle

TJD
Encs.
cc: Randal L. Tranger, Esq. (via E-Mail)

# EXHIBIT A



ExamWorks, LLC.
4 Becker Farm Road
Roseland, NJ 07068
Phone: (973) 669-9767
Fax: (973) 669-1067

Monday, November 05, 2018

ATTN: Til Dallavalle
Schoeman, Updike, Kaufman & Gerber
155 Willowbrook Boulevard
Wayne, NJ 07470

Name of Examinee:   Danielle Bassano
Date of Injury:     9/1/2016
Claim #:
Case #:             20496694
File ID:            6074-0088

**The above referenced examinee did NOT show for their independent evaluation which was scheduled as follows:**

Date:        11/2/2018
Time:        10:45 AM
Specialty:   Orthopaedic Surgery
Examiner:    Dr. Robert Morrison
Location:    Dr. Marc Feingold
             420 Bridge Plaza Drive
             Englishtown, NJ  07726

**Please advise how we should proceed with this matter by calling the telephone number listed above.**

Sincerely,

Michele Cohen
Customer Service Representative

# EXHIBIT B



ExamWorks, LLC.
4 Becker Farm Road
Roseland, NJ 07068
Phone: (973) 669-9767
Fax: (973) 669-1067

Wednesday, November 07, 2018

ATTN: Til Dallavalle
Schoeman, Updike, Kaufman & Gerber
155 Willowbrook Boulevard
Wayne, NJ 07470

| | |
|---|---|
| Name of Examinee: | Danielle Bassano |
| Date of Injury: | 9/1/2016 |
| Claim #: | |
| Case #: | 20496733 |
| File ID: | 6074-0088 |

**The above referenced examinee did NOT show for their independent evaluation which was scheduled as follows:**

| | |
|---|---|
| Date: | 11/5/2018 |
| Time: | 4:00 PM |
| Specialty: | Otolaryngology |
| Examiner: | Gerald E. Pflum, M.D. |
| Location: | Office of Dr. Gerald Pflum |
| | 444 Neptune Blvd |
| | Neptune, NJ 07753 |

**Please advise how we should proceed with this matter by calling the telephone number listed above.**

Sincerely,

Michele Cohen
Customer Service Representative

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

August 16, 2018

### LETTER ORDER

Re:   **Danielle Bassano v. Walmart Stores et al**
      Civil Action No. 18-153 (MAS)

Dear Counsel:

By letter dated August 14, 2018, Defendant advises that Plaintiff failed to appear for medical examinations scheduled for August 6, 2018 and August 10, 2018. The examinations have therefore been rescheduled for September 7, 2018 [Dr. Robert Morrison] and September 25, 2018 [Dr. Philip Geron]. If Plaintiff is not available to appear for either of the examinations, she must advise Defendant and this court by **August 24, 2018**. Otherwise, failure to appear for the examinations may result in sanctions, including but not limited to the fee submitted by the doctor for the missed appointment.

In light of the foregoing, the telephone conference scheduled for September 10, 2018 is rescheduled to **October 3, 2018 at 3:30 p.m.** Plaintiff shall initiate the call. If the matter is not yet ripe for a settlement conference, the remaining schedule shall be addressed

**IT IS SO ORDERED.**

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**

# EXHIBIT 3

# Law Offices of
# MALLON & TRANGER

Thomas J. Mallon
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
Randall L. Tranger
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
Daniel B. Glatz
Surinder K. Aggarwal

Thomas M. Waddleton
*Paralegal*

86 Court Street
Freehold, NJ 07728
TEL: (732) 780-0230   FAX: (732) 780-5002

Other Locations:
Pt. Pleasant & Toms River

November 29, 2018

**Via CRRR and Via Fax: (973) 256-9001**
Til J. Dallavalle, Esq.
Schoeman, Updike, Kaufman & Gerber, LLP
155 Willowbrook Boulevard, Suite 300
Wayne, NJ 07470

Re:  Bassano v. Wal-Mart Stores, Inc., et al.
     Docket No.: MON-L-2714-17
     Your File No.: 6074.0088

Dear Mr. Dallavalle:

In response to your November 15, 2018 correspondence, we were unaware Ms. Bassano did not attend her November 2, 2018 and November 5, 2018 Independent Medical Evaluations. We have sent her numerous correspondences, as well as left her numerous voicemails, reminding her of the dates she was required to appear. Despite our efforts, we have not heard from her and have been unable to communicate directly with her. As such, we are unable to provide a satisfactory response to your correspondence at this time.

Please do not hesitate to contact this office with any questions or concerns.

Very truly yours,

DANIEL B. GLATZ, ESQ.
cc:   Honorable Tonianne Bongiovanni, U.S.M.J., (Via Email)